UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANDY HOLLOW ASSOCIATES LLC and
PORT NORTH CONSTRUCTION LLC,

                               Plaintiffs,

                  -against-                              ORDER
                                                                09-cv-2629(SJF)(AKT)

INCORPORATED VILLAGE OF PORT
WASHINGTON NORTH, ROBERT S. WEITZNER,
individually and as Mayor of the Village of Port
Washington North, STEVEN COHEN, SHERMAN
SCHEFF, MICHAEL SCHENKLER, individually
and in their official capacity as members of the
Board of Trustees for the Incorporated Village of
Port Washington North, and ROBERT BARBACH,
individually and as Building Inspector for the Village
of Port Washington North,

                               Defendants.
------------------------------------------------------------X
FEUERSTEIN, United States District Judge:

      Plaintiffs Sandy Hollow Associates LLC and Port North Construction LLC (collectively, "plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983 against defendants Incorporated Village of Port Washington North ("the Village"); Robert S. Weitzner ("Weitzner"), individually and as Mayor of the Village; Steven Cohen ("Cohen"), Sherman Scheff ("Scheff") and Michael Schenkler ("Schenkler") (collectively, "the Board members"), individually and in their official capacity as members of the Board of Trustees for the Village; and Robert Barbach ("Barbach"), individually and as Building Inspector for the Village, (collectively "defendants") in the Supreme Court of the State of New York, County of Nassau, alleging violations of their constitutional rights. On June 19, 2009, defendants removed the

1

action to this Court pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331. By electronic order entered March 30, 2010, defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and to vacate the *lis pendens* filed by plaintiffs on a portion of the subject property was referred to United States Magistrate Judge A. Kathleen Tomlinson for a report and recommendation pursuant to 28 U.S.C. § 636(b). By Report and Recommendation dated September 6, 2010 ("the Report"), Magistrate Judge Tomlinson recommended that defendants' motion be granted. Pending before the Court are plaintiffs' objections to the Report and defendants' responses thereto.[1] For the reasons stated herein, Magistrate Judge Tomlinson's Report is accepted in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be

---

[1] Plaintiffs' request for oral argument of their objections is denied. However, I have considered plaintiffs' supplemental submission dated November 29, 2010 regarding the case recently decided by the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, Capruso v. Village of Kings Point, 78 A.D.3d 877, 912 N.Y.S.2d 244 (2d Dept. 2010).

satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

Plaintiffs contend that Magistrate Judge Tomlinson erred, *inter alia*: (1) in misinterpreting the nature of the protected property interest underlying their substantive and procedural due process claims (first cause of action), effectively re-writing their complaint and failing to recognize their property rights in (a) the issuance of certificates of occupancy for work properly performed and (b) the legal causes of action they were coerced into giving up in the release[2]; (2) in determining that the intracorporate conspiracy doctrine barred plaintiffs' conspiracy claim (second cause of action) and failing "to take into account the realistic limitations on a plaintiff's ability to plead conspiracy prior to discovery," (Plaintiffs' Objections to Report [Plf. Obj.], p. 14); (3) in misreading the release to cover all claims relating to the sale of the eight (8)-acre parcel at issue and, therefore, to bar their state law claims (sixth, seventh and eleventh causes of action); (4) in misapplying the law relating to duress with respect to the release, failing "to appreciate the vast disparity in power between the Village and the plaintiff,"

---

[2] Plaintiffs do not base their due process claims (first cause of action) on any purported deprivation of a property right in a legal cause of action.

3

(Plf. Obj., p. 16), ignoring "the entire factual narrative setting the stage for the Village's coercive demands, * * * set forth in detail in [the] Complaint," (Plf. Obj., p. 18), and "wholly overlook[ing] * * * the absence of any sufficient consideration for the release," (Plf. Obj., p. 19); (5) in misapplying Section 15-303 of the New York General Obligations Law to be an absolute bar to plaintiffs' claim that the release is invalid due to lack of consideration; (6) in misapplying the law governing the standard of review on a Rule 12(b) motion and requiring them to prove their claims at the pleadings stage; (7) in finding that plaintiffs' state law claims for fraud and aiding and abetting fraud (third and fourth causes of action) were precluded by plaintiffs' failure to file a notice of claim pursuant to Sections 50-e and 50-i of New York General Municipal Law; (8) in recommending dismissal of plaintiffs' rescission claim (fifth cause of action) since, *inter alia*, New York's notice of claim requirement does not apply to equitable claims; (9) in finding that plaintiffs do not have standing to enforce either the Declaration of Restrictive Covenants or the SEQRA Findings (ninth cause of action) in light of public policy considerations recognized by the New York State Court of Appeals in zoning cases and since, *inter alia*, Sandy Hollow was a party to the restrictive covenant; (10) in finding that plaintiffs' claims relating to defendants' imminent sale of the eight (8)-acre parcel at issue were not ripe for review; and (11) in finding that plaintiffs' claims for judgment declaring that the Village's "fee policy" was void, ultra vires and unconstitutional (eighth cause of action) and that defendants' requirement that they both pay "impact fees" and deed the eight (8)-acre parcel to the Village was ultra vires (ninth cause of action), were barred by the four (4) month statute of limitations applicable to Article 78 proceedings since, *inter alia*, (a) their eight cause of action involves a claim "fit[ting] squarely within the well-recognized contours of a declaratory judgment proceeding" insofar as it

"expressly disputes the validity of a Village ordinance which purports to authorize the Village to demand open-ended * * * fees, in contravention of state law," (Plf. Obj., p. 28), and (b) their ninth cause of action is also subject to a six (6) year statute of limitations because it "also challenges legislative action," i.e., the Final Environmental Impact Statement, SEQRA Findings and the Declaration of Restrictive Covenants, all of which were approved and adopted by the Board, (Plf. Obj., pp. 29-30).[3]

Plaintiffs contend that since Magistrate Judge Tomlinson erred in recommending dismissal of their complaint, her recommendations that defendants' motion for judgment on the pleadings and vacatur of the *lis pendens* filed by plaintiffs on a portion of the subject property should be rejected. Plaintiffs further contend that, in any event, they should at least be granted leave to re-plead their claims "to remedy any perceived deficiencies" in their complaint and to add additional plaintiffs in the event the Court finds that they lack standing to challenge defendants' sale of the eight (8)-acre parcel of land at issue. In a footnote, plaintiffs also request leave to amend their complaint to assert a First Amendment retaliation claim against defendants. (Plf. Obj., pp. 13-14 n. 2).

In response, defendants contend, *inter alia*, that any amendment to the complaint to re-plead plaintiffs' claims would be futile and that plaintiffs' belated application for leave to amend the complaint to add additional plaintiffs should be ignored since the deadline for joinder of additional parties and to amend the pleadings in the Case Management and Scheduling Order dated November 18, 2009, was February 25, 2010.

Upon *de novo* review of the Report and consideration of plaintiffs' objections and

---

[3] Plaintiffs have withdrawn their tenth cause of action.

defendants' responses thereto, plaintiffs' objections are overruled. Moreover, the Capruso case, cited by plaintiffs in their supplemental submission dated November 29, 2010 in opposition to defendants' contention that plaintiffs' "public trust doctrine" claim[4] is time-barred, does not affect the Report. Even assuming, *arguendo*, that the "public trust doctrine"[5] is applicable in this case, Magistrate Judge Tomlinson recommended dismissal of plaintiffs' claims relating to the sale of the eight (8)-acre parcel, including their seventh cause of action, on the basis of the release, not because those claims were time-barred. (Report, pp. 37-46). Accordingly, the Report is accepted in its entirety as an order of the Court.

Furthermore, plaintiffs' request for leave to amend their complaint is denied. Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires," leave to amend "may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Since, *inter alia*, plaintiffs' claims are dismissed on the merits, i.e., no constitutionally protected property interest (first and second causes of action); as procedurally barred, i.e., failure to file a

---

[4] Plaintiffs raised their "public trust doctrine" claim for the first time in opposition to the branch of defendants' motion seeking dismissal of their seventh cause of action for judgment declaring that defendants' proposed sale of the eight (8)-acre parcel was void, invalid and in violation of defendants' SEQRA Findings and Final Environmental Impact Statement.

[5] The "public trust doctrine" provides that dedicated parkland in New York is "impressed with a public trust, requiring legislative approval before it can be alienated or used for an extended period for non-park purposes." Friends of Van Cortlandt Park v. City of New York, 95 N.Y.2d 623, 630, 727 N.Y.S.2d 2, 750 N.E.2d 1050 (N.Y. 2001).

notice of claim (third and fourth causes of action) and dismissal of underlying fraud claims precluding rescission (fifth cause of action); as barred by the release (sixth, seventh and eleventh causes of action); or as time-barred (eighth and ninth causes of action), not on the basis of a pleading deficiency or other curable defect, any amendment to the complaint would be futile.

II.  Conclusion

Upon *de novo* review of the Report, plaintiffs' objections are overruled and the Report is accepted in its entirety as an Order of the Court. Defendants' motion for judgment on the pleadings and to vacate the *lis pendens* filed by plaintiffs on a portion of the subject property is granted, the complaint is dismissed in its entirety with prejudice and the *lis pendens* filed by plaintiffs on a portion of the subject property is vacated. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs and to close this case.

SO ORDERED.

/s/
SANDRA J. F_____
United States District Judge

Dated: March 30, 2011
Central Islip, New York