FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 30 2012

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SANDY HOLLOW ASSOCIATES LLC and
PORT NORTH CONSTRUCTION LLC,

                  Plaintiffs,

                  ORDER
-against-         09-cv-2629(SJF)(AKT)

INCORPORATED VILLAGE OF PORT
WASHINGTON NORTH, ROBERT S. WEITZNER,
individually and as Mayor of the Village of Port
Washington North, STEVEN COHEN, SHERMAN
SCHEFF, MICHAEL SCHENKLER, individually
and in their official capacity as members of the
Board of Trustees for the Incorporated Village of
Port Washington North, and ROBERT BARBACH,
individually and as Building Inspector for the Village
of Port Washington North,

                  Defendants.
----------------------------------------------------------------X
FEUERSTEIN, United States District Judge:

Plaintiffs Sandy Hollow Associates LLC and Port North Construction LLC (collectively, "plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983 against defendants Incorporated Village of Port Washington North ("the Village"); Robert S. Weitzner ("Weitzner"), individually and as Mayor of the Village; Steven Cohen ("Cohen"), Sherman Scheff ("Scheff") and Michael Schenkler ("Schenkler") (collectively, "the Board members"), individually and in their official capacity as members of the Board of Trustees for the Village; and Robert Barbach ("Barbach"), individually and as Building Inspector for the Village, (collectively "defendants") in the Supreme Court of the State of New York, County of Nassau, alleging violations of their constitutional rights. On June 19, 2009, defendants removed the action to this Court pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331. By electronic order entered March 30, 2010,

1

defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and to vacate the *lis pendens* filed by plaintiffs on a portion of the subject property was referred to United States Magistrate Judge A. Kathleen Tomlinson for a report and recommendation pursuant to 28 U.S.C. § 636(b). By Report and Recommendation dated September 6, 2010 ("the Report"), Magistrate Judge Tomlinson recommended that defendants' motion be granted. By amended order entered April 14, 2011, I, *inter alia*: (1) overruled plaintiffs' objections to the Report, accepted the Report in its entirety as an order of the Court, granted defendants' motion for judgment on the pleadings and to vacate the *lis pendens* filed by plaintiffs on a portion of the subject property, dismissed the complaint in its entirety with prejudice and vacated the *lis pendens* filed by plaintiffs on a portion of the subject property; (2) denied plaintiffs' request for leave to amend their complaint; and (3) declined to exercise supplemental jurisdiction over defendants' state law counterclaims pursuant to 28 U.S.C. § 1367(c)(3) and dismissed defendants' counterclaims without prejudice to re-filing in state court. Judgment was entered upon that order on April 19, 2011. By letter motion dated April 21, 2011, defendants sought to amend the judgment to specifically itemize the *lis pendens* to be vacated. On May 4, 2011, prior to any decision on defendants' letter motion, plaintiffs filed a notice of appeal of the April 19, 2011 judgment. Accordingly, by order entered July 8, 2011, defendants' application to specifically itemize the *lis pendens* was denied with leave to renew upon leave of the United States Court of Appeals for the Second Circuit pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. Pending before the Court is defendants' motion for reconsideration of the July 8, 2011 order.

I.  Discussion

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local

Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," U.S. v. Aleynikov, 785 F.Supp.2d 46, 60 (S.D.N.Y. 2011); see also Terra Securities ASA Konkursbo v. Citigroup, Inc., — F.Supp.2d —, 2011 WL 5024228, at * 1 (S.D.N.Y. Oct. 20, 2011), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 745 F.Supp.2d 379, 382 (S.D.N.Y. 2010); Aleynikov, 785 F.Supp.2d at 60.

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); see also Anwar, 745 F.Supp.2d at 383; Montblanc-Simplo GmbH v. Colibri Corp., 739 F.Supp.2d 143, 147 (E.D.N.Y. 2010). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, reconsideration should not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter

v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. Aug. 13, 2008) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 392, 395 (E.D.N.Y. 2011) ("A party seeking reconsideration may not advance new facts, issues or arguments not previously presented to the court."); (2) advances new arguments or issues that could have been raised on the original motion, Corines v. American Physicians Ins. Trust, 769 F.Supp.2d 584, 593-94 (S.D.N.Y. 2011) ("A motion for reconsideration is not * * * a 'second bite at the apple' for a party dissatisfied with a court's ruling * * * [and] * * * is not appropriate * * * as a vehicle to advance new theories a party failed to articulate in arguing the underlying motion."); McBeth, 768 F.Supp.2d at 395; or (3) "is solely attempting to relitigate an issue that already has been decided," New York v. Parenteau, 382 Fed. Appx. 49, 50 (2d Cir. June 24, 2010); see also Niederland v. Chase, 425 Fed. Appx. 10, 12 (2d Cir. May 25, 2011); E.E.O.C. v. Bloomberg, L.P., 751 F.Supp.2d 628, 651 (S.D.N.Y. 2010).

It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Mangino v. Incorporated Village of Patchogue, — F.Supp.2d —, 2011 WL 4527286, at * 2 (E.D.N.Y. Sept. 30, 2011); Corines, 769 F.Supp.2d at 594.

Since by mandate entered January 27, 2012, the Second Circuit "so ordered" the parties' stipulation withdrawing the appeal pursuant to Local Rule 42.1, defendants' motion for reconsideration of the July 8, 2011 order is granted. Upon reconsideration, it is hereby:

ORDERED that the Clerk of the Court shall amend the judgment entered April 19, 2011 to include the following italicized language: "that the lis pendens filed by plaintiffs on a portion of the

subject property *on June 11, 2009 under Index No. 09-010901 and the amended lis pendens filed on July 29, 2009 under Index No. 09-010901 are hereby* vacated."

SO ORDERED.

                                                                               SANDRA J. FEUERSTEIN
                                                                               United States District Judge

Dated: January 30, 2012
       Central Islip, New York